# In the United States Court of Federal Claims

No. 21-1478
(Filed: 29 December 2021)
NOT FOR PUBLICATION

```
*************************************
PETER D. SLOAN,                      *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
*************************************
```

## ORDER

**HOLTE, Judge.**

While plaintiff Mr. Sloan was serving as an Aircraft Loadmaster on deployment to a combat zone in Africa, he sustained severe injuries on two separate occasions. Compl. at 9–12, ECF No. 1. The Air Force later medically retired Mr. Sloan, *id.* at 12, and he now seeks Combat Related Special Compensation ("CRSC") for these combat-related injuries, *id.* at 25. The Air Force CRSC Board has twice denied Mr. Sloan's claim, *id.* at 14–15, so Mr. Sloan applied to the Air Force Board for Correction of Military Records ("AFBCMR") which also denied his claim, *id.* at 15–18. On 16 June 2021, Mr. Sloan filed a complaint in this court alleging the AFBCMR denial of his application for CRSC was arbitrary and capricious, unsupported by substantial evidence, and contrary to applicable law. *See* Compl. On 30 September 2021, the government filed a motion to remand this case so the AFBCMR can reconsider Mr. Sloan's claims under 28 U.S.C. § 1491(a)(2) (2018) and Rule 52.2 of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. for Voluntary Remand ("Def.'s Mot."), ECF No. 7. Plaintiff opposes this motion alleging the government's proposed remand is not legally supported and would serve no purpose other than delaying judicial review of his claim. *See* Pl.'s Resp. to Def.'s Mot. for Voluntary Remand ("Pl.'s Resp."), ECF No. 8. On 20 October 2021, the government filed a reply in support of its motion to remand arguing a voluntary remand would address Mr. Sloan's three procedural concerns from his complaint. *See* Def.'s Reply in Supp. of its Mot. for Voluntary Remand, ECF No. 10. For the following reasons, the Court grants-in-part and denies-in-part the government's motion to remand the case.

The government seeks a remand to address the three concerns raised in Mr. Sloan's complaint: "(1) the AFBCMR's omission of an advisory opinion from the Director of Compensation; (2) that the AFBCMR apparently did not receive a response that Mr. Sloan attempted to send by e-mail on May 28, 2020; and (3) Mr. Sloan's assertion that the AFBCMR

erroneously determined that his application was untimely." Def.'s Mot. at 2–3. First, the government admits "the AFBCMR did not obtain an advisory opinion from the Director of Compensation," and so the government "seek[s] a remand so the AFBCMR may obtain an advisory opinion from the Director of Compensation[] and reconsider its decision in light of the advisory opinion and any response from Mr. Sloan." *Id.* at 3. Second, the government admits "the AFBCMR did not consider the response that [Mr. Sloan] attempted to send by e-mail on May 28, 2020." *Id.* at 3 (citations omitted). Third, the government states the AFBCMR did not adequately explain its untimeliness decision and so it "request[s] a remand for the board to reconsider its determination that Mr. Sloan's application was untimely (and that untimeliness need not be excused in the interest of justice), and explain its decision more thoroughly in the event that the decision remains unchanged." *Id.* at 4 (citations omitted). The government further notes, "a remand might satisfy Mr. Sloan's claims and make further Court proceedings unnecessary." *Id.* at 6.

Mr. Sloan avers the government's proposed remand "would serve no useful or just purpose because i[t] can result only in further error." Pl.'s Resp. at 4. Mr. Sloan also argues the remand would be "unjust", *id.*, and states, "[t]he process to attain [CRSC for his combat-related injuries] has been long, arduous, and frustrating." *Id.* at 1. Mr. Sloan adds "[he] has experienced nothing before the AFBCMR other than delay and error, and permitting the Government's proposed remand opens the door to potentially more of the same." *Id.* at 9. Mr. Sloan further states the remand would be "inefficient" and it lacks a "guarantee that remand would not result in new errors for which Mr. Sloan also would have to seek relief from the Court." *Id.* at 10.

The Tucker Act grants the court authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2) (2018); *see* RCFC 52.2; *accord Banks v. United States*, No. 19-1888, 2021 WL 5331732 (Fed. Cl. Oct. 28, 2021); *Holmes v. United States*, 142 Fed. Cl. 791 (2019). An agency may request remand for a variety of reasons, including to "reconsider its previous position" without admitting error. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028–29 (Fed. Cir. 2001). "Where the agency's request is 'substantial and legitimate,' a court ordinarily should grant the motion; alternatively, where the agency's request is in bad faith or frivolous, a court should deny the motion." *Keltner v. United States*, 148 Fed. Cl. 552, 563 (2020) (citing *SKF USA Inc.*, 254 F.3d at 1028). "In between those relative extremes, . . . the trial court has substantial discretion depending on the timing of the government's motion, its representations regarding the reasons for a remand, the plaintiff's factual allegations viewed through the prism of the particular legal issues involved, and the overall fitness and completeness of the administrative record available for the Court's review." *Id.* Additionally, the Court should exercise its "ample discretion to deny the government's motion," *id.* at 557, to "proceed directly to adjudication" when remand to the correction board would serve no just or useful purpose, *Martinez v. United States*, 333 F.3d 1295, 1310 (Fed. Cir. 2003) (en banc). Lastly, "a court must also 'consider whether remand would unduly prejudice the non-moving party.'" *Keltner*, 148 Fed. Cl. at 562 (quoting *Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 99 (D.D.C. 2019), *reconsideration denied*, 507 F. Supp. 3d 47 (D.D.C. 2020)); *see also Util. Solid Waste Activities Grp. v. Env't Prot. Agency,* 901 F.3d 414, 436 (D.C. Cir. 2018) (citation omitted).

Under RCFC 52.2, "[a]n order remanding a case must (A) include such direction as the court deems proper and just; (B) establish the duration of the remand period, not to exceed 6 months; (C) specify the extent to which court proceedings will be stayed during the remand period; and (D) designate a party to report to the court, every 90 days or less, on the status of the remand proceedings." RCFC 52.2(b)(1).

In this case, the government considers plaintiff's three procedural concerns relevant as it "request[s] a voluntary remand to allow the board to address these three concerns." Def.'s Reply at 1. Under the circumstances, the AFBCMR's failure to obtain an advisory opinion from the Director of Compensation and failure to consider the response Mr. Sloan attempted to submit by e-mail on 28 May 2020 raise substantial and legitimate concerns about the correctness of the AFBCMR decision. *See Holmes*, 142 Fed. Cl. at 793. Mr. Sloan complains the delay he has suffered is "unjust" and a remand would be "inefficient", however, plaintiff does not show he would be unduly prejudiced by a remand. Pl.'s Resp. at 1, 4, 9; *see Util. Solid Waste Activities Grp.*, 901 F.3d at 436; *Keltner*, 148 Fed. Cl. at 562 (citation omitted). The government's voluntary remand request to "reconsider its previous position," might afford Mr. Sloan the relief he requests, and Mr. Sloan does not aver he will be unduly prejudiced by the remand; thus, the Court finds that the voluntary remand sought by the government is warranted for the purposes requested. *See SKF USA Inc.*, 254 F.3d at 1028; *Util. Solid Waste Activities Grp.*, 901 F.3d at 436.

The Court, however, cannot agree to the requested remand period of six months. Def.'s Mot. at 7. Although the maximum duration of the remand period is six months, RCFC 52.2(b)(1)(B), this court frequently remands to military corrections or review boards for periods ranging from 90 to 120 days. *See e.g.*, *Banks*, 2021 WL 5331732 (120 days); *Holmes*, 142 Fed. Cl. 791 (105 days); *Wollman v. United States*, 108 Fed. Cl. 656, 675 (2013) (90 days); *Boyle v. United States*, 101 Fed. Cl. 592, 604 (2011) (90 days). As Judge Wolski aptly explained in *Holmes*, the length of a remand period depends on the circumstances of each case, but several factors may be considered by the Court, including: (1) any exigencies faced by the former service member; (2) the extent of prior proceedings, and whether records had previously been compiled; (3) the narrowness of the scope of the issues on remand; and (4) any special problems faced by the corrections board. *See Holmes*, 142 Fed. Cl. at 794. Considering plaintiff's concerns regarding ongoing delays and the relatively small number of documents for the Board to consider on remand, this Court determines 120 days should be an appropriate duration for the remand in this case. *See id.*

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the government's motion to remand, ECF No. 7, and **REMANDS** the case to the AFBCMR.

Pursuant to RCFC 52.2, the Court provides the following directions to the parties on remand:

(1) The remand period shall terminate on **28 April 2022** and the Court **STAYS** all proceedings in this case until that date.[1] *See* RCFC 52.2(b)(1)(C). If the AFBCMR has

---

[1] On 15 October 2021, the government filed a motion for extension of time to respond to plaintiff's complaint. *See* Def.'s Mot. for an Extension of Time to Respond to the Compl., ECF No. 9. Plaintiff filed an opposition to this

not responded on or before 28 April 2022, the parties shall follow the procedures provided in RCFC 52.2(c).

(2) The AFBCMR shall obtain an advisory opinion from the Director of Compensation, Office of the Deputy Assistant Secretary of Defense for Military Personnel Policy and give Mr. Sloan an opportunity to respond to that opinion in accordance with the Board's usual procedures.

(3) The AFBCMR shall consider the response that Mr. Sloan attempted to submit by e-mail on 28 May 2020, *see* Compl. at 16, 24–25; Compl. at Exs. K, L, M.

(4) The AFBCMR shall consider Mr. Sloan's application, and any new arguments or evidence he presents on his existing claims, in accordance with the Board's otherwise applicable procedures and powers, including but not limited to the Board's power to seek additional advisory opinions.

(5) The AFBCMR shall reconsider its determination that Mr. Sloan's application was untimely, and that the interests of justice do not warrant waiver of the three-year deadline.

(6) If the AFBCMR determines Mr. Sloan's application was untimely, and that the three-year deadline should not be waived in the interests of justice, *see* 10 U.S.C. § 1552(b) (2018), the Board shall explain fully:

   i. when Mr. Sloan discovered the alleged "error or injustice," *see* 10 U.S.C. § 1552(b), including an explanation of what Mr. Sloan discovered before receiving a partial denial from the CRSC board;[2] and

   ii. the basis for any finding that it would not be in the interests of justice to excuse the untimeliness, *see* 10 U.S.C. § 1552(b). [3]

---

motion for extension of time on 29 October 2021. *See* Pl's Resp. to Def.'s Mot. for an Extension of Time to File a Responsive Pleading to the Compl., ECF No. 11. On 1 November 2021, the government filed a reply in support of its motion for an extension of time to respond to plaintiff's complaint. *See* Def.'s Reply in Supp. of its Mot. for an Extension of Time to Respond to the Compl., ECF No. 12. As the Court stays proceedings in this case until 28 April 2022, the Court accordingly **DENIES as MOOT** the government's motion for extension of time to file a response to plaintiff's complaint, ECF No. 9.

[2] Plaintiff argues, "[t]his instruction is . . . flawed . . . . [and i]f remand is granted, the second part of this instruction—that the AFBCMR explain '*why* [Mr. Sloan] discovered [the error or injustice] before receiving a partial denial from the CRSC board'—should be stricken." Pl.'s Resp. at 7–8. Plaintiff argues, "'[w]hy' Mr. Sloan discovered the error or injustice is irrelevant to what he discovered and when, which is the proper inquiry under 10 U.S.C. § 1552(b)." Pl.'s Resp. at 8. The government avers the Court should use its proposed instruction because "[it] will make it more likely that the board addresses Mr. Sloan's argument adequately, which might avoid the need for a future remand." Def.'s Reply at 8 (citation omitted). The Court understands the parties' arguments and adopts its own language to clarify what both parties seek regarding this instruction.

[3] The government initially proposed ending this instruction with the following language: "including any discussion of the merits that the board considers appropriate." Plaintiff argues, the AFBCMR "is permitted only a cursory review of the merits" and suggests "should the Court grant the Government's motion, this instruction should be

(7) The government **SHALL FILE** a joint status report every 60 days, with the first due on **28 February 2022**, apprising the Court of the status of the remand proceedings.

(8) Within 30 days of the AFBCMR's decision, the parties **SHALL FILE** a joint status report advising the Court whether: (1) the remand affords a satisfactory basis for disposition of the case; or (2) further proceedings are required and, if so, the nature of such proceedings. *See* RCFC 52.2(e)(1).

The Court **DIRECTS** the Clerk to serve a certified copy of this order, the complaint with all exhibits, along with a copy of the Court's docket sheet in this case (No. 21-1478) to the AFBCMR at:

Air Force Board for Correction of Military Records
Air Force Review Boards Agency
1500 West Perimeter Road
Joint Base Andrews, MD 20762

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

---

corrected to limit AFBCMR to the proper review." Pl.'s Resp. at 7 (citation omitted). The government argues the agency should have sufficient "latitude when considering an issue," "banning the board from fully analyzing would increase the risk of another insufficiently explained decision," and "it cannot imagine how [a full review of the merits would harm Mr. Sloan]." Def.'s Reply at 9–10. Nonetheless, the government states "[it is] not opposed to removing the objectionable language—that the board's explanation may 'include[e] [sic] any discussion of the merits that the board considers appropriate.'" Def.'s Reply at 10. As plaintiff requests the Court remove this instruction, and the government is not opposed, the Court does not include this language in its instructions.